STRONG, Appellant,

v.

OHIO GAS COMPANY, Appellee.

[Cite as *Strong v. Ohio Gas Co.* (1989), 64 Ohio App.3d 635.]

Court of Appeals of Ohio,
Lucas County.

No. L–88–363.

Decided Sept. 29, 1989.

*Dennis P. Strong,* for appellant.

*Craig L. Roth,* for appellee.

---

Abood, Judge.

This is an appeal from a judgment of the Lucas County Court of Common Pleas granting defendant-appellee, Ohio Gas Company's, motion for a directed verdict.

Plaintiff-appellant, Louella Strong, has filed a timely notice of appeal setting forth the following assignment of error:

"The trial court erred in granting the defendants [*sic*] motion for directed verdict."

The facts giving rise to this appeal are as follows.

Appellant was employed by appellee as a dispatch operator in its Swanton, Ohio office from March 1, 1971 to August 29, 1986, at which time the position of dispatcher was terminated and she was laid off. Appellant, who was approximately fifty-four years old at the time, had been informed by her boss, Joe Roth, that her position was being terminated two or three weeks prior to her final day. At that time appellant indicated to Roth that she wanted to work, that she would have liked to have had an opportunity to be a cashier and that she would be willing to work in the Bryan, Ohio office. Sometime in February 1987, appellant learned that the head cashier at the Swanton office was retiring and that the assistant cashier's position would be open. Later that month appellant learned that the position had been filled by Carol Glecker who was approximately forty years old. On March 4, 1987, appellant sent a letter to Dave Anderson at appellee's Bryan office expressing her interest in the position at the Swanton office. After receiving no response from Anderson, appellant sent a letter dated March 19, 1987, to Mr. Tuttle at appellee's Bryan office again expressing her interest and inquiring as to the status of that position. On March 27, 1987, Gerald Richards, treasurer of appellee, sent a letter to appellant informing her that the position had been filled.

On January 28, 1988, appellant filed a complaint alleging unlawful discrimination in employment on the basis of age in violation of the Age Discrimination in Employment Act, Section 621 *et seq.*, Title 29, U.S.Code. On February 9, 1988, appellee filed its answer and a jury trial began on August 17, 1988. At trial, appellant testified as to all of the above facts and that she felt she

was qualified for the cashier's position. Appellant also stated, however, that even after learning of the opening in 1987 she did not recontact Roth or indicate to anyone that she was interested in the cashier job and that she knew the cashier position had been filled prior to sending her letters of inquiry.

At the close of appellant's case, appellee moved for a directed verdict on the basis that there was no evidence that appellant had applied for the cashier position and, therefore, one of the elements necessary to establish a prima facie case of age discrimination had not been met. The trial court granted appellee's motion from the bench. On October 8, 1988, the court's findings of facts, conclusions of law and judgment entry was filed, wherein the trial court stated:

"The Court finds that after construing the evidence most strongly in favor of the Plaintiff, that reasonable minds could only conclude that the Plaintiff failed to establish a prima facie case in that the Plaintiff failed to prove that she applied for the cashier's job at the Swanton, Ohio, office of the Defendant until after it was filled, and the Plaintiff failed to maintain any contact with the Defendant that she was available for the cashier's opening until after it was filled. The Court finds that the Defendant's motion for a directed verdict is well taken as to the alleged age discrimination in the filling of the position of assistance cashier at the Swanton, Ohio, office which was filled in February, 1987."

It is from this decision that appellant has brought this appeal.

■ In support of her sole assignment of error, appellant argues that appellee is an informal company and, although she did not file a written application, she had asked for the position and from the evidence before the court reasonable minds could conclude that she had applied for it.

Civ.R. 50, which authorizes the granting of a directed verdict, reads in relevant part:

"(A) Motion for directed verdict.

"(1) When made. A motion for a directed verdict may be made on the opening statement of the opponent, at the close of the opponent's evidence or at the close of all the evidence.

"* * *

"(4) When granted on the evidence. When a motion for a directed verdict has been properly made, and the trial court, after construing the evidence

most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party, the court shall sustain the motion and direct a verdict for the moving party as to that issue."

Both parties agree that one of the criteria necessary for establishing a prima facie case of age discrimination herein is that appellant must have applied for re-employment with appellee for a position for which appellee was taking applications. See *Blackwell v. Sun Electric Corp.* (C.A.6, 1983), 696 F.2d 1176; *McDonnell Douglas v. Green* (1973), 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668.

Upon consideration of the evidence in the record, and construing the same most strongly in favor of appellant, we find that reasonable minds could only conclude from the evidence submitted that appellant did not apply for the position of cashier that was available in February 1987. Accordingly, appellant's sole assignment of error is found not well taken.

On consideration whereof, the court finds substantial justice has been done the party complaining, and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the court costs of this appeal.

*Judgment affirmed.*

CONNORS and GLASSER, JJ., concur.